In re SCHREIBER.

(Supreme Court, Appellate Division, First Department.   December 17, 1915.)

ATTORNEY AND CLIENT ☜42—FILING ANSWER—CENSURE BY COURT.

An attorney, who in an action on notes interposed an answer containing a general denial, which he had prepared and had his client verify, when he knew that the material allegations of the complaint therein denied were in fact true, and who filed such answer solely for delay, was not justified in making such denial without investigation, and solely upon his client's statement over the telephone that he remembered nothing about the notes, and was guilty of professional misconduct, but, in view of his having been admitted to the bar only a few months and his inexperience, would only be severely censured.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 54; Dec. Dig. ☜42.]

Application on report of official referee upon charges against Jacob Schreiber, an attorney and counselor at law for professional misconduct.   Respondent censured.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and SMITH, JJ.

Einar Chrystie, of New York City, for petitioner.

Jacob Schreiber, of New York City, pro se.

PER CURIAM.   The respondent is charged with interposing in an action on four promissory notes, brought by the Century Bank of the City of New York against Lena Hobel and Max Hobel, an answer which contained a general denial.   It is alleged that the respondent prepared the answer and caused his client to verify it when he knew that the material allegations of the complaint denied therein were in fact true; that thereafter the respondent admitted to the attorney for the plaintiff that the answers were served solely for the purpose of gaining time.

The respondent has put in an affidavit explaining the circumstances under which this answer was interposed.   His excuse is that after the summons and complaint were served upon his client they were given to him to defend; that his client said over the telephone that he had no recollection of having signed the notes and did not remember a thing about them; that he was unable to have a personal interview with his client, and he prepared the answer and sent it to his client by mail, and it was verified and served on the plaintiff's attorney.   He denies having said to the plaintiff's attorney over the telephone that the answers were interposed solely to gain time; but it is a little difficult to see for what other purpose they were interposed. He must have known that the notes held by a bank were either properly executed by the defendant in the action or were forgeries, yet he took no trouble to investigate his client's story; but the statement over the telephone that the client remembered nothing about the notes did not justify the respondent in interposing an answer which denied all the allegations of the complaint.   It is a serious offense for an attorney to interpose an answer in an action which is false, and which

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

he has at least reason to believe was not true, and on the respondent's own statement he must be convicted of professional misconduct.

The respondent, however, at the time he interposed this answer, had been but a few months admitted to the bar, and he does not seem to have realized the obligation of an attorney at law to the courts and the public; but in view of his youth and inexperience, and the circumstances detailed in his affidavit, which are corroborated by his client, the court is inclined to confine its discipline to a severe censure for the respondent's conduct in interposing such an answer under the circumstances, with an admonition to the respondent that, if he expects to continue to practice law, he must be much more careful before interposing such an answer.

The respondent is therefore severely censured for his misconduct as aforesaid. Settle order on notice.